MONCURH, P.,
delivered the opinion of the court.
The court is of opinion that the contract between. Gordon C. Thorn and Robert W. Harman for an exchange of lands, as mentioned in the proceedings in *this cause, ought to be specifically executed, if a good title can be made by them to the said lands, according to the conditions of their title bonds respectively.
The court is further of opinion that the evidence in the cause strongly tends to prove, if it does not fully prove, that the said Harman has a good equitable title to the land mentioned in his title bond, being the land bought by him of U. D. Dunbar; that he has fully paid the purchase money due by him to said Dunbar, and that the only defect in the title of said Harman is, that the naked legal title to said land is yet outstanding in the heirs-at-law of said Dunbar, who is dead, which legal title can therefore be readily obtained by the aid of a court of equity.
The court is further of opinion that under all the circumstances of this case, as disclosed by the record, a reasonable further *383 time ought to be afforded to the said Har-man and the appellant 1ST. B. Stimson, to perfect the title of the said Harman to the said land mentioned in his title bond, either by prosecuting to a final decree the suit already brought for that purpose by said Harman against the widow, children and heirs of said Dunbar, and the said Gordon C. Thorn, and now pending in the Circuit court of Wythe county, or otherwise as they may be advised.
The court is further of opinion that the widow of said Dunbar, if entitled to dower in his estate, ought to have such dower assigned to her out of any other real estate of inheritance of which he may have died seized, rather than out of the land sold by him to said Harman as aforesaid, of which he seems to have fully received the purchase money. And it appears from the bill filed by said Harman, in the suit brought by him as aforesaid, that the said Dunbar died seized of *a large tract of land, containing some eight or nine hundred acres, in the county of Wise, on which his said widow resided at the time of the filing of said bill.
The court is further of opinion that if the land contracted to be exchanged by said Harman with said Thorn as aforesaid be in fact encumbered by the right, title or estate of dower of the said widow of Dunbar, and if that be the only defect in the title of said Harman to said land, such defect is not sufficient to prevent the specific execution of said contract, but the same may still be executed with an allowance of compensation for such defect on the terms prescribed by the Code, ch. 106, § 12, p. 855.
The court is therefore of opinion that the Circuit court erred in decreeing a rescission of the said contract, at least in the state in which the pleadings and the proofs -were at the time when the said decree was rendered, and would have erred in making such decree, even if it would have been otherwise proper, without first making the widow and heirs of said Dunbar parties defendants to the suit.
Therefore it is decreed and ordered, that the said decree be reversed and annulled, and that the appellee, Thorn, pay to the appellant, Stimson, his costs by him expended in the prosecution of his appeal aforesaid here. And the cause is remanded to the said Circuit court, with instructions to permit the said Thorn to amend his bill, for the purpose of making the said widow and heirs of Dunbar defendants thereto; and such other purposes as may be consistent with this decree, and for further proceedings to be had therein; and in the said suit of said Harman against said Dunbar’s widow and heirs, which may be heard together with this cause in conformity with the foregoing opinion and decree.
*But the foregoing decree is to be without prejudice to any controversy which has arisen or may arise between the said Thorn and Harman, or their assigns, in regard to the land mentioned in the title bond of said Thorn to said Harman, and the proper quantity of said land, which is ordered to be certified to the said Circuit-court of Wythe county.
Decree reversed.